## NANNY v. FANCHER et al.

*(Supreme Court, General Term, Second Department. December 10, 1890.)*

SPECIFIC PERFORMANCE.

     The children of an intestate conveyed their undivided interest in certain land, except their reversion in the dower right of their mother therein, which, by a contract and the deed, they agreed to convey on her death, for a certain price. One of the vendors, the wife of plaintiff, afterwards died, leaving a will, by which she gave to plaintiff "all I have in expectancy from my deceased father's estate," and named plaintiff executor. After the death of the vendors' mother, plaintiff, claiming as owner of the interests held by his wife in the land at her death, brought an action for specific performance of the contract, making defendants all the surviving parties who had signed the contract and deed, the husband and administrator of one of them, who, after the making of the contract, had married, and subsequently died, childless and intestate, and plaintiff's second wife. *Held* that, all persons interested being parties, and there being no difficulty in administering full relief, specific performance could be decreed; and that plaintiff, in his individual capacity, could maintain the action.

Appeal from special term, Orange county.

Action by Oliver T. Nanny against Amzi L. Fancher and others. The complaint alleged, in substance, that defendant Amzi L. Fancher entered into an agreement in writing with Juliette Nanny, Sarah A. Wilson, Susan Fancher, and Mary E. Fancher for the sale and conveyance by them to him of their undivided interests as heirs at law of their father, Henry Fancher, deceased, in a certain farm, except their right in the dower right of the widow of said deceased, which they also agreed to convey, for a fixed price, whenever the dower right should cease by the death of said widow. That a deed of the land was executed by said heirs to defendant Amzi L. Fancher containing the same reservation and exception. That the widow of said Henry Fancher was dead. That Susan Fancher had married Charles Thompson, and died intestate, without issue, and that said Charles Thompson was duly appointed administrator of her estate. That Juliette Nanny, who was the wife of plaintiff, had died, leaving a will which was admitted to probate, and which was set forth, containing the following provision: "I give and bequeath all my personal property of whatsoever name or kind I am possessed of, and also all I have in expectancy from my deceased father's estate, to my

beloved husband, Oliver T. Nanny, and I hereby-nominate and appoint him my executor to this my last will and testament." And that plaintiff had since married Sarah Nanny. That doubts had arisen as to the validity and meaning of said agreement and deed, and the meaning of said will, because of which said Amzi L. Fancher and the other parties to said agreement had failed to perform the same, and denied the rights of the plaintiff thereunder. He asked judgment that it be determined that he was the owner of all the rights and interests which said Juliette Nanny had at the time of her death in the land or in the proceeds of the sale thereof; that, on the death of the widow, defendant Amzi L. Fancher became entitled to a further deed of one-third of the property; and that a specific performance of the contract be decreed. Besides the purchaser, Amzi L. Fancher, all the vendors surviving, and Charles Thompson, individually and as administrator of Susan Thompson, deceased, and Sarah Nanny, wife of plaintiff, were made defendants. The surviving vendors demurred to the complaint, on the grounds that all the vendors should be parties plaintiff; that the executor of Juliette Nanny was a necessary party; that plaintiff had not legal capacity to sue, as an individual, the right of action, if any, being in the executor of Juliette Nanny; and that the complaint did not state facts sufficient to constitute a cause of action. From an interlocutory judgment overruling the demurrer, said defendants appeal.

Argued before DYKMAN and PRATT, JJ.

*M. N. Kane,* for appellant Mary A. Fancher. *E. A. Brewster,* for appellants Sarah A. Wilson and others. *Bacon & Merritt,* for respondent.

DYKMAN, J. This is an appeal from a judgment in favor of the plaintiff upon a demurrer to the complaint, and we think the judgment must be affirmed. The action is substantially for a specific performance of a written contract, and all persons interested are made parties. There is no difficulty in administering full relief to all, and it is a case where equity will decree a performance of the agreement. We think, also, the plaintiff may maintain the action.